# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>**NESTOR RAMIREZ,** )<br>)<br>**Defendant.** )<br>_____) | Case No. 07-20147-02-CM |

## MEMORANDUM AND ORDER

On October 23, 2007, the government indicted defendant Nestor Ramirez on two counts: (1) intentionally conspiring to distribute and to possess with the intent to distribute 5 kilograms or more of a substance containing cocaine in violation of 21 U.S.C. § 846; and (2) intentionally possessing with intent to distribute 5 kilograms or more of a mixture containing cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Defendant pleaded not guilty. On August 4, 2008, this court began a trial on these counts. At the close of the government's evidence, defendant orally moved for a judgment of acquittal. Under Fed. R. Crim. P. 29(b), the court reserved decision on the motion and proceeded with the trial, which resulted in defendant's convictions. The court denies defendant's motion.

When considering a motion for acquittal, the court considers the evidence in the light most favorable to the government and asks whether "any rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt." *United States v. Hughes*, 191 F.3d 1317, 1321 (10th Cir. 1999); *United States v. Haber*, 251 F.3d 881, 887 (10th Cir. 2001) (quoting *United States v. Schlunegar*, 184 F.3d 1154, 1158 (10th Cir. 1999).

The essential elements of the first count—conspiracy under 21 U.S.C. § 846—are: "'(1) an agreement with another person to violate the law; (2) knowledge of the essential objectives of the conspiracy; (3) knowing and voluntary involvement; and (4) interdependence among the alleged conspirators.'" *United States v. Reese*, 145 F. App'x 269, 274 (10th Cir. 2005) (quoting *United States v. Delgado-Uribe*, 363 F.3d 1077, 1083 (10th Cir. 2004)).  An agreement may be inferred from acts of the parties and other evidence indicating "concert of action for the accomplishment of a common purpose." *United States v. Norwood*, 194 F. App'x 573, 578 (10th Cir. 2006) (citing *United States v. Johnson*, 42 F.3d 1312, 1319 (10th Cir. 1994)).  Knowing involvement may be presumed if the defendant "acts in furtherance of the objective of the conspiracy." *Id.* (citing *United States v. Carter*, 130 F.3d 1432, 1440 (10th Cir. 1997)).  "Interdependence exists where 'each coconspirator's activities constitute essential and integral steps toward the realization of a common, illicit goal.'" *Id.*

The essential elements of the second count—possession with intent to distribute under 21 U.S.C. § 841(a)(1)—are:"(1) the defendant knowingly possessed [a controlled substance]; and (2) the defendant possessed the [controlled substance] with the specific intent to distribute it." *United States v. Brazier*, 845 F. Supp. 1435, 1438 (D. Kan. 1994) (citing *United States v. Gay*, 774 F.2d 368, 372 (10th Cir. 1985)).

Defendant argues that there was insufficient evidence to convict him of these counts. Defendant compares his situation to the facts of several cases involving passengers of vehicles carrying hidden narcotics, primarily relying on *United States v. Jones*, 44 F.3d 860 (10th Cir. 1995). Defendant contends that the government presented insufficient evidence to establish that he and his co-defendant Manuel Barraza-Martinez did not perform the claimed upholstery work, or that

-3-

defendant knew whether All States Upholstery was a fictional company—a contention by the government that defendant challenges.  Defendant also highlights that he quickly told law enforcement officers of his true identity.  Additionally, defendant states that there is no evidence indicating he had the ability to access the secret compartment.

Defendant's arguments fail.  In *Jones*, the Tenth Circuit noted "mere presence, as a passenger, in a car found to be carrying drugs is insufficient to implicate the passenger in the conspiracy."  44 F.3d at 865.  The facts in *Jones* were that the passenger in a car carrying 200 kilograms of cocaine in closed luggage did not have access to the luggage and none of the passenger's fingerprints was found on the cocaine packaging.  The only evidence that could "raise an inference of knowledge" was the passenger becoming upset upon learning the car would be seized.  *Id.* at 866.

In contrast, the facts here indicate that defendant was more than a passenger.  Defendant was in a truck with a logo on the side of the truck for a possibly fictitious company.  Defendant wore that company's apparel and stated that he had worked there for a month.  The tools necessary for defendant's claimed work were dusty and unused.  Defendant presented false identification.  Moreover, there were statements admitted into evidence indicating that at times defendant shared the driving responsibilities.  *See United States v. Lennon*, 155 F. App'x 383, 389 (10th Cir. 2005) ("It is permissible to infer that the driver of a vehicle has knowledge of the contraband within it.").

Based on these facts, a rational trier of fact could have found the essential elements of the counts beyond a reasonable doubt.  *See United States v. Mota-Gonzales*, 192 F. App'x 769, 770 (10th Cir. 2006) (finding that evidence that a passenger who knew a van was loaded with some form of contraband was sufficient to sustain a guilty verdict on conspiracy under 21 U.S.C. § 846 and 21 U.S.C. § 841).  Defendant's Motion for Acquittal is denied.

-4-

**IT IS THEREFORE ORDERED** that Defendant's Motion for Acquittal is denied.

Dated this 11th day of September 2008, at Kansas City, Kansas.

                **s/ Carlos Murguia**
                **CARLOS MURGUIA**
                **United States District Judge**