**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| NESTOR RAMIREZ, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 07-20147-2-CM |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

The matter comes before the court on petitioner's Motion for Leave to File Motion to Vacate, Set Aside, or Correct Sentence, Out of Time, and for Production of Records (Doc. 134) and Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 135). Petitioner argues that the court should allow him to file his § 2255 motion out of time, and should grant his § 2255 motion based on ineffective assistance of counsel. For the reasons set forth below, this court denies petitioner's motion to file his § 2255 motion out of time, and further dismisses his § 2255 motion as time-barred.

**I.      Factual and Procedural Background**

A jury convicted on petitioner of conspiracy to distribute and possession with intent to distribute cocaine, and aiding and abetting on August 8, 2008. The court sentenced petitioner to a total term of 235 months imprisonment on February 26, 2009.

Petitioner appealed his conviction and sentence on March 2, 2009. The Tenth Circuit affirmed this court's decision, and issued a mandate on March 1, 2010. Petitioner did not file a petition for writ of certiorari with the Supreme Court. Therefore, petitioner's sentence became final

ninety (90) days after March 1, 2010, or on May 30, 2010.  Petitioner filed the instant motions on

June 27, 2011.

## II.     Legal Standard and Analysis

Under 28 U.S.C. § 2255(a), a prisoner in custody has the right to challenge a sentence

imposed by the District Court if it is in violation of the Constitution or other law of the United

States, or if the sentence imposed was in excess of the maximum authorized by law.

A one-year statute of limitations, however, applies to a petitioner's claims under 28 U.S.C. §

2255.  *See United States v. Whitehorse*, 354 F. App'x, 317, 318 (10th Cir. 2009).

Under 28 U.S.C. § 2255(f):

> (f) A 1-year period of limitation shall apply to a motion under this section.  The
> limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental
> action in violation of the Constitution or laws of the United States is removed, if the
> movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme
> Court, if that right has been newly recognized by the Supreme Court, and made
> retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have
> been discovered through the exercise of due diligence.

A conviction becomes final upon the expiration of petitioner's time for filing an appeal.

*United States v. Mauldin*, No. 06-3018-SAC, 2006 WL 276496, at *1 (D. Kan. Feb. 1, 2006) (citing

*United States v. Burch*, 202 F.3d 1274, 1278–79 (10th Cir. 2000)).  As stated above, petitioner's

conviction became final on May 30, 2010, ninety (90) days after the date the appeals court issued the

mandate; petitioner had one year from that date to file a § 2255 motion, or until May 30, 2011.  *United*

*States v. Spencer*, 283 F. App'x 633, 636 (10th Cir. 2008) (citing 28 U.S.C. § 2255(f) and *United*

*States v. Gabaldon*, 522 F.3d 1121, 1123 (10th Cir. 2008)).

There are "rare and exceptional circumstances" that will toll the one-year statute of limitations period. *United States v. Penn*, No. 05-5059, 2005 WL 3008784, at *2 (10th Cir. Nov. 10, 2005) (quoting *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003)).  Examples of these circumstances include "when a prisoner is actually innocent, when an adversary's conduct-or other uncontrollable circumstances-prevents him from timely filing, or when he actively pursues judicial remedies but files a defective pleading during the statutory period." *United States v. Fredette*, No. 05-8128, 2006 WL 2277989, at *2 (10th Cir. Aug. 9, 2006) (citing *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citations and quotation marks omitted)).  However, "[s]imple excusable neglect is not sufficient." *Penn*, 2005 WL 3008784 at *2 (quoting *Gibson*, 232 F.3d at 808)).  An inmate must "diligently pursue[] his claims" for equitable tolling to apply.  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).  "Equitable tolling will not be available in most cases, as extensions of time will only be granted if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *United States v. Willis*, No. C.R.A. 95-20013-01-GT, 1998 WL 458503, at *1–2 (D. Kan. July 2, 1998) (internal quotation omitted).

Petitioner asks this court to allow him additional time to file his § 2255 motion and an opportunity to obtain the case record in order to properly address the issues.  He reasons that equitable tolling should apply because counsel failed to notify him of his options at the conclusion of the appeals process.  Petitioner argues that counsel sent him a letter written in Spanish, but that petitioner cannot understand the contents of the letter because he cannot read or write in Spanish.  After having the letter translated several times, petitioner understood that a petition for writ could be filed and was due by May 5, 2010.  It also appears that petitioner knew that counsel filed a motion to withdraw from petitioner's case.  But, petitioner contends these translations are unclear about whether counsel was allowed to withdraw, whether counsel filed a petition for writ prior to any withdrawal, and what his

-3-

options were for filing a § 2255 motion.

Petitioner fails to demonstrate rare and exceptional circumstances requiring equitable tolling, or that he has diligently pursued his claims since his appeal. Petitioner advises that in counsel's letter, "counsel explained to [him] that a petition for writ of certiorari was available, unlikely to succeed, and [was] due on May 05, 2010" but that "[c]ounsel failed to notify [petitioner] whether the writ would be filed on his behalf or not." (Doc. 134, at 3.) What petitioner demonstrates is that he knew his attorney moved to withdraw from his case with the Tenth Circuit prior to filing a petition for writ, and that he knew what the deadline was to file a petition for writ. Petitioner does not show though that he actively pursued contact with his attorney at any time after he received counsel's letter dated March 12, 2010, up to the May 5 deadline regarding any request to file, or the filing of a petition for writ on his behalf. Further, he has failed to show that he attempted to contact his attorney before the May 30, 2011 deadline to obtain his case file in order to diligently pursue claims under 28 U.S.C. § 2255.

Petitioner does not maintain he was innocent of the charges, there is no evidence that the government prevented him from timely filing a § 2255 motion, and he has failed to demonstrate that he actively pursued remedies with the court after he received the March 12, 2010 letter from his counsel. *Fredette*, 2006 WL 2277989, at *2. Therefore, this court finds petitioner has failed to make the requisite showing for this court to allow equitable tolling of the statute of limitations, and dismisses petitioner's § 2255 motion because it is untimely. *Andrews v. United States*, No. 02-10073-JTM, 2009 WL 2355341, at *1 (D. Kan. July 29, 2009).

### III. Certificate of Appealability

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

Petitioner has not made a substantial showing of the denial of a constitutional right. Further, the court is not convinced that a dismissal of this motion is debatable among reasonable jurists or that it was incorrect in its procedural determination. *United States v. Keyes*, 280 Fed. App'x 700, 701 (10th Cir. 2008) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of a case, a reasonable jurist could not conclude either that the district court erred in dismissing the motion or that the movant should be allowed to proceed further.") (internal quotation omitted). Therefore, the court declines to issue a certificate of appealability in accordance with Rule 11 as amended on December 1, 2009.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to File Motion to Vacate, Set Aside, or Correct Sentence, Out of Time, and for Production of Records (Doc. 134) is denied.

**IT IS FURTHER ORDERED** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 135) is dismissed as time-barred.

Dated this 15th day of November, 2011 at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**